J-S60044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID TERRY ALTER | : | |
| | : | |
| Appellant | : | No. 1096 MDA 2019 |

Appeal from the PCRA Order Entered June 18, 2019
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000293-2016

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:      **FILED NOVEMBER 26, 2019**

David Terry Alter (Alter) appeals from the order of the Court of Common Pleas of Perry County (PCRA court) denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, as untimely. Appointed counsel has filed a petition for leave to withdraw. We grant counsel's petition and affirm the PCRA court's order.

We take the following factual background and procedural history from the PCRA court's August 30, 2019 opinion and our independent review of the certified record. On October 6, 2016, Alter pleaded guilty to ten counts of Sexual Abuse of Children, 18 Pa.C.S. § 6312(c), stemming from his possession of child pornography videos. On January 5, 2017, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

Alter to an aggregate term of not less than seventeen-and-one-half nor more than sixty years' incarceration as well as register as a sexually violent predator (SVP). On February 21, 2017, the trial court granted Alter's Post-Sentence Motion and Modified the Registration under Megan's Law to 15 years, not life as had originally been ordered. Alter did not file a direct appeal.

On August 9, 2018, Alter filed a *pro se* PCRA petition. Counsel was appointed but moved to withdraw from representation on January 10, 2019. The PCRA court then filed a Rule 907 notice of its intention to dismiss Alter's petition without a hearing. *See* Pa.R.Crim.P. 907(1). After Alter responded to the Rule 907 notice, the trial court granted counsel's motion to withdraw, but on April 11, 2019, scheduled a hearing on Alter's PCRA petition and appointed new and current PCRA counsel. After the hearing, the trial court denied the PCRA petition as untimely because it was not filed within one year of the date on which the judgment of sentence becomes final. Alter timely appealed *pro se*[1] on July 5, 2019. Both he and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925. Counsel filed a petition to withdraw on September 4, 2019.

---

[1]The prohibition against hybrid representation does not nullify *pro se* notices of appeal, because "a notice of appeal protects a constitutional right." *Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016).

As a preliminary matter, we must address whether counsel has met the requirements of *Turner*/*Finley*, [2] which requires him to conduct an independent review of the record before a court can authorize his withdrawal. Appointed PCRA counsel must file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *See Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa. Super. 2014). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw, along with a statement that if the court granted counsel's withdrawal request, the client may proceed either *pro se* or with a privately retained attorney. *See id.* We must conduct our own independent evaluation of the record and agree with counsel that the petition is meritless.

From our review, we find that counsel has substantially complied with the requirements of *Turner*/*Finley* and their progeny, detailing his review of the record and his conclusion that Alter's claims are meritless. Counsel also notified Alter and furnished him with a copy of his no merit letter, advising him of his right to proceed *pro se* or to retain private counsel. Accordingly, we will grant counsel's petition to withdraw.

_____

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Next, we proceed to our independent review of Alter's claims. [3] However, before addressing the arguments' merits, we must determine the timeliness of Alter's petition.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." **Commonwealth v. Robinson**, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Robinson**, **supra** at 185–86 (internal quotation marks and citations omitted).

---

[3] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation and internal quotation marks omitted). "Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." **Id.** (citation and internal quotation marks omitted).

Here, Alter's judgment of sentence became final on March 23, 2017, when his time to file an appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until March 23, 2018, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Alter filed the instant petition on August 9, 2018, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[4]

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed . . . because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

In this case, all of Alter's claims are premised on the newly recognized and retroactively applied constitutional right in *Commonwealth v. Muniz*,

_____

[4] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (2018). In ***Muniz***, the Pennsylvania Supreme Court held that the retroactive application of the SORNA[5] I's registration scheme to sexual offenders who committed their crimes before the SORNA's effective date violates the United States and Pennsylvania's *ex post facto* clauses because of the scheme's punitive nature. ***See Muniz***, ***supra*** at 1217; ***see also*** 42 Pa.C.S. §§ 9799.10-9799.41.[6]

However, as previously observed by this Court:

> Appellant's reliance on ***Muniz*** cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). . . . . Here, we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See*** [***Commonwealth v.***] ***Abdul-Salaam***, [571 Pa. 219, 812 A.2d 497, 501 (2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

---

[5] Sexual Offender Registration and Notification Act.

[6] In response to ***Muniz***, the General Assembly enacted SORNA II, 42 Pa.C.S. §§ 9799.51-9799.75. That act effectively divides SORNA into two parts, with one set of obligations applicable to offenses committed on or after December 20, 2012 (Subchapter H), and the other applicable to offenders who were convicted of certain offenses on or after April 22, 1996, but before December 20, 2012 (Subchapter I). Subchapter I was designed to ensure that those required to retroactively register under SORNA—and therefore entitled to relief following ***Muniz***—will still have to do so. Because Alter was convicted of offenses committed after December 20, 2012, Subchapter H applies and ex post facto principles have no application to his sentence.

*Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019) (quoting

*Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018),

*appeal denied*, 195 A.3d 559 (Pa. 2018)).

Because this Court has determined that *Muniz* does not establish a

timeliness exception under the PCRA, Alter has failed to plead and prove a

timeliness exception premised on *Muniz*.[7]

Additionally, Alter's claim that both of his PCRA counsel were ineffective

for not raising a claim pursuant to *Muniz* does not save his petition because

claims of ineffectiveness of counsel do not satisfy any timeliness exception.

*See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005)

("[A]llegations of ineffective assistance of counsel will not overcome the

jurisdictional timeliness requirements of the PCRA.") (citation omitted).

Moreover, even if this were not true, the argument would fail because the

underlying claim lacks arguable merit and counsel had a reasonable basis for

not raising the issue. *See Commonwealth v. Simpson*, 66 A.3d 253, 260

(Pa. 2013) (to establish ineffectiveness of counsel, petitioner must establish

underlying legal claim was of arguable merit; counsel had no reasonable

---

[7] *Muniz* was decided on July 19, 2017. Therefore, Alter failed to comply with the requirement that he file his petition within 60 days of the date when the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

strategic basis for his action or inaction; and petitioner was prejudiced).[8]  For all of these reasons, we affirm the PCRA court's order.

Order affirmed.  Petition to withdraw granted.

Judge Stabile joins the memorandum.

Judge Shogan concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019

---

[8] Also, although we acknowledge that our Supreme Court currently is considering the constitutionality of Acts 10 and 29, which amended SORNA in light of **Muniz** and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2018) (holding certain SVP provisions of SORNA to be constitutionally infirm), this does not impact our disposition in this matter.  **See Commonwealth v. Torsilier**, No. 37 MAP 2018 (Pa. 2018); **Commonwealth v. Lacombe**, No. 35 MAP 2018 (Pa. 2018).